UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FIRST GUARANTY BANK | * | CIVIL ACTION |
| VERSUS | * | NO. 26-1229 |
| FIRST BANK & TRUST COMPANY | * | SECTION "R" (2) |

**ORDER AND REASONS**

Pending before me are Plaintiff First Guaranty Bank's Motion for Leave to File Revised Supplemental Complaint Pursuant to Rule 15(d) and Expedited Motion for Leave to File Reply Memorandum. ECF Nos. 31 & 35. Defendant First Bank & Trust Company timely filed an Opposition Memorandum to the Motion for Leave. ECF No. 33. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Court GRANTS First Guaranty Bank's Motion for Leave to File Revised Supplemental Complaint Pursuant to Rule 15(d) and Expedited Motion for Leave to File Reply Memorandum (ECF No. 35) for the reasons stated herein.

## I. BACKGROUND

Plaintiff First Guaranty Bank ("First Guaranty") filed a Petition for Declaratory Judgment, Breach of Contract, Indemnity, Conversion and Other Relief in state court on April 29, 2026, challenging Defendant First Bank & Trust Company's ("First Bank") actions in relation to a Participation Agreement and Deposit Control Agreement between these two commercial banks following the bankruptcy filing of the participation agreement's underlying obligor, Carnaby FA, LLC. ECF No. 1–2. After Defendant First Bank removed the case to this Court, it filed a motion to dismiss on July 6, 2026. ECF Nos. 1 & 10.

On October 6, 2026, Plaintiff First Guaranty filed this Motion for Leave to File Revised

Supplemental Complaint.[1] ECF No. 31. Plaintiff argues that subsequent developments in the bankruptcy of First Brands Group, LLC (i.e., conversion from Chapter 11 to Chapter 7), bear directly on the participation interests and claims in this case. ECF No. 31-1, at 2. Plaintiff argues that the same liberal standard governing Rule 15(a) motions to amend also governs requests to supplement under Rule 15(d), and this case does not present any of the factors (i.e., undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility) that would justify denial of the request for leave to amend. *Id.* at 3–5.

In opposition, Defendant First Bank argues that the Supplemental Complaint reflects "faulty conclusions from the proposed supplemental facts," and Rule 15(d) does not authorize the filing of a complaint based on faulty conclusions from subsequent events. ECF No. 33, at 2. Specifically, it argues that the conversion from Chapter 11 to Chapter 7 does not conclusively determine what the parties will receive from the bankruptcy and the debtor previously proposed a liquidating Chapter 11 plan, and regardless, Plaintiff's ability to collect does not alter its obligation of "complete repayment." *Id.* at 3–5.

In reply, Plaintiff argues that First Bank's opposition raises a factual dispute that cannot defeat a motion for leave. ECF No. 35-1, at 4. It argues that First Bank raises merits argument that should be addressed in the pending Motion to Dismiss, not within the futility analysis of a motion for leave. *Id.* at 5.

## II. APPLICABLE LAW AND ANALYSIS

Initially, the governing Scheduling Order establishes a deadline of September 24, 2026, for amending pleadings. ECF No. 26, at 1. Although Plaintiff initially filed a motion for leave to

[1] Plaintiff first filed a Motion for Leave to File Supplemental Complaint on September 18, 2026, but withdrew that motion. ECF Nos. 28–30.

supplement within this deadline, it withdrew that pleading. ECF Nos. 28–30. The current motion (ECF No. 31), filed on October 6, 2026, was thus filed after the deadline for amending pleadings.

Although the Fifth Circuit has not addressed whether a party seeking to supplement after the deadline for filing amending pleadings must satisfy Rule 16's good cause standard,[2] one judge in this district has required the movant to establish good cause under Rule 16 before addressing the requirements of Rule 15(a) or Rule 15(d).[3] Rule 16's "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[4] The Fifth Circuit has established a four-part test to aid the court in determining whether a movant has established good cause: (1) movant's "explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) the potential prejudice the other party would suffer if the amendment was allowed, and (4) the availability of a continuance to cure that prejudice."[5]

While Rule 15(a) and Rule 15(d) motions are distinct, "the Fifth Circuit has indicated that the same factors that are considered under a Rule 15(a) analysis control a Rule 15(d) analysis."[6] Notably, however, the text of Rule 15(a) provides that leave to amend should be freely granted,

---

[2] *Tran v. Gulf Coast Bank & Tr. Co.*, No. 24-1933, 2025 WL 4110919, at *2 (E.D. La. July 10, 2025) (avoiding the issue, assuming good cause existed, and finding supplementation improper).

[3] *J.M. v. La. High Sch. Athletic Ass'n, Inc.*, No. 23-6514, 2025 WL 1372979, at *1 (E.D. La. Apr. 4, 2025), R.&R. adopted, 2025 WL 1370477 (May 12, 2025); *Sentilles v. Huntington Ingalls Inc.*, No. 21-958, 2025 WL 1132323, at *2 (E.D. La. Mar. 31, 2025), R.&R. adopted, 2025 WL 1125033 (Apr. 15, 2025). For a discussion of the majority and minority approaches on this issue, *see Sky Phone, LLC v. Excess Telecom, Inc.*, No. 25-4707, 2026 WL 2885979, at *2 (C.D. Cal. Aug. 5, 2026) (requiring the moving party to show good cause before seeking to supplement the pleadings under Rule 15); *Avisar v. Chen*, No. 23-1980, 2025 WL 2740951, at *4 (N.D. Ohio Sept. 23, 2025) (summarizing minority approach that Rule 15(d) does not trigger Rule 16's good cause analysis) (citing *Desio v. State Farm Mut. Auto. Ins. Co*., 339 F.R.D. 632, 639 (D. Nev. 2021) (collecting cases).

[4] *S&W Enters., L.L.C. v. SouthTr. Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citation modified).

[5] *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 741 (5th Cir. 2019).

[6] *Tran*, 2025 WL 4110919, at *2 (citing *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983); *Jernigan v. McMillan*, No. 22-2580, 2023 WL 8258767, at *1 (N.D. Tex. Aug. 3, 2023)), reconsideration denied, 2026 WL 294938 (E.D. La. Feb. 4, 2026); *see also Chemetron Corp. v. Bus. Funds, Inc.*, 682 F.2d 1149, 1193–94 (5th Cir. 1982) (considering the same factors in the Rule 15(d) context as in the Rule 15(a) context for motions for leave to amend), vacated on unrelated grounds by 460 U.S. 1007 (1983).

but the text of Rule 15(d) does not. Rather, it simply makes clear that the court may permit a supplemental complaint "on just terms."[7] "Generally, leave to supplement should not be granted where a plaintiff attempts to present new and different causes of action" or alleges "subsequent events that are not germane to the claims in the live pleadings."[8] Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[9] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[10] Given Rule 15(a)'s "bias in favor of granting leave'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[11]

Pretermitting whether Rule 16 applies to a Rule 15(d) motion rather than a Rule 15(a) motion and setting aside both parties' failures to address good cause under Rule 16, given that Plaintiff initially filed its motion for leave within the deadline for amending pleadings and it promptly filed this corrected version on the day the Hon. Sarah S. Vance granted the motion to withdraw that first motion for leave, which was shortly after expiration of the amendment deadline, the Court will proceed to address the motion under the governing Rule 15 standard. Defendant's Opposition does not assert undue delay, bad faith or dilatory motive, repeated failure to cure, or

---

[7] *Texas v. United States Dep't of Homeland Sec*., No. 23-07, 2023 WL 11999256, at *1 (S.D. Tex. June 14, 2023) (citing *Burns v. Exxon Corp*., 158 F.3d 336, 343 (5th Cir. 1998)); *see also Connor v. Castro*, 719 F. App'x 376, 380 n.1 (5th Cir. 2018).

[8] *Texas*, 2023 WL 11999256, at *1 (citation modified).

[9] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). "[T]he term 'discretion' in this context may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A "district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014).

[10] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp*., 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[11] *Mayeaux*, 376 F.3d at 425.

undue prejudice. Rather, it appears to focus on the merits of Plaintiff's claims and conclusions drawn from the supplemental facts, which presumably implicates the futility prong.

In order to address the futility objection, this Court would necessarily address the issues raised in the motion to dismiss now pending before Judge Vance. The substantive issues raised by Defendant's Opposition are best addressed in the context of resolving the pending motion to dismiss rather than in the procedural context of leave to file a supplemental pleading.[12] Further, allowing amendment at this early stage gives Plaintiff the opportunity to "plead its best case" before asking the Court to decide the substantive issue within the confines of the motions to dismiss.[13] This is "the preferred course" of action, even if doing so "renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave" as it conserves both judicial and party resources to permit amendment and allows the ruling on the motion to dismiss determine the facial validity of the claim.[14]

## III. <u>CONCLUSION</u>

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff First Guaranty Bank's Motion for Leave to File Revised Supplemental Complaint Pursuant to Rule 15(d) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Supplemental Complaint (ECF No. 31-2) be filed into the record of the above-captioned proceeding.

---

[12] *See City of Baton Rouge/E. Baton Rouge Par. v. Bank of Am., N.A.*, No. 19-725, 2020 WL 13033205, at *3 (M.D. La. Apr. 4, 2020); *Medarc, LLC v. Aetna Health Inc.*, No. 20-3646, 2022 WL 743520, at *2 (N.D. Tex. Mar. 11, 2022) (recognizing the virtually "unvarying" practice of resolving futility in the context of Rule 12 rather than Rule 15).

[13] *See Landry v. Dep't of Child and Fam. Servs.*, No. 21-794, 2021 WL 2822344, at *2 (E.D. La. July 7, 2021) (quoting *Phillips v. Whittington*, No. 17-01524, 2018 WL 11310301, at *1 (W.D. La. Feb. 13, 2018)).

[14] *Louisiana v. Bank of Am. Corp.*, No. 19-638, 2020 WL 3966875, at *2 (M.D. La. July 13, 2020); *see also Biwen Liang v. Home Reno Concepts LLC*, No. 17-3503, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the RICO claim.").

IT IS FURTHER ORDERED that Plaintiff's Expedited Motion for Leave to File Reply Memorandum (ECF No. 35) is GRANTED.

New Orleans, Louisiana, this 21st day of October, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE